# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

———————————————————————

No. 24-1414

———————————————————————

ELIZABETH F. WARNER,

*Plaintiff-Appellant*,

v.

LOUIS DEJOY, Postmaster General
of the UNITED STATES POSTAL SERVICE,

*Defendant-Appellee.*

———————————————————————————————————

On Appeal from the United States District Court for the District of New Hampshire
———————————————————————————————————

**REPLY BRIEF
OF APPELLANT ELIZABETH F. WARNER**

Mark M. Whitney (1st Cir. No. 46659)
Kyle E. Cullen (1st Cir. No. 1212465)
Whitney Law Group, LLC
11 State Street
Marblehead, MA 01945
(781) 631-4400
mwhitney@whitneylawgroup.com
kcullen@whitneylawgroup.com

*Attorneys for Plaintiff-Appellant*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...................................................................1

REPLY ARGUMENT ...........................................................1

I.    The USPS Misstated the Applicable Legal Standard Throughout its Brief – Ms. Warner Is Not Required to "Prove" Pretext, She Merely Needs to Show a Potential Jury Question .........................................................2

II.   The Success of USPS's Position Depends on the Veracity of One Key Witness – In So Arguing, Both the USPS and the Lower Court Made Improper Credibility Determinations.................................................4

III.  The Lower Court Correctly Determined that Warner's Claim Concerning the Durham Postmaster Position Was Not Time-Barred ........................................8

IV.  Ms. Warner Should Have Her Age Claims Decided Under the More Lenient Federal Sector Standard, and This Court Has the Discretion to Ensure It ......12

CONCLUSION.....................................................................15

CERTIFICATE OF COMPLIANCE......................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Ahmed v. Johnson</u>,
  752 F.3d 490 (1st Cir. 2014)....................................................................4

<u>Aroostook Band of Micmacs v. Ryan</u>,
  484 F.3d 41 (1st Cir. 2007)....................................................................13

<u>Babb v. Wilkie</u>,
  589 U.S. 399 (2020)...............................................................................12

<u>Chestnut v. City of Lowell</u>,
  305 F.3d 18 (1st Cir. 2002)....................................................................12

<u>Greenburg v. Puerto Rico Maritime Shipping Authority</u>,
  835 F.2d 932 (1st Cir. 1987).....................................................................5

<u>Hernandez-Loring v. Universidad Metropolitana</u>,
  233 F.3d 49 (1st Cir. 2000).......................................................................5

<u>McAleer v. Prudential Ins. Co. of Am.</u>,
  928 F. Supp. 2d 280 (D. Mass. 2013).....................................................10

<u>Miller v. New Hampshire Dep't of Corr.</u>,
  296 F.3d 18 (1st Cir. 2002)....................................................................10

<u>Montalvo v. Gonzalez-Amparo</u>,
  587 F.3d 43 (1st Cir. 2009)....................................................................13

<u>Nat'l Ass'n of Social Workers v. Harwood</u>,
  69 F.3d 622 (1st Cir. 1995)...............................................................13, 14

<u>Shervin v. Partners Healthcare Sys., Inc.</u>,
  804 F.3d 23 (1st Cir. 2015)....................................................................10

<u>Taite v. Bridgewater State Univ., Bd. of Trustees</u>,
  999 F.3d 86 (1st Cir. 2021)......................................................................3

ii

The Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate
    Information Services,
    608 F.3d 110 (1st Cir. 2010).................................................................13

Thomas v. Eastman Kodak Co.,
    183 F.3d 38 (1st Cir. 1999).....................................................9, 10, 12

U.S. v. La Guardia,
    902 F.2d 1010 (1st Cir. 1990)...........................................................14

**Statutes**

EMPLOYMENT DISCRIMINATION LAW 1349 (3d ed.1996) ..........................................9

**Other Authorities**

FED. R. EVID. 201 ...............................................................................7

Rule 56 ....................................................................................5, 6

## INTRODUCTION

The Plaintiff-Appellant, Elizabeth F. Warner ("Ms. Warner"), submits this reply in response to the opposition brief of the Defendant-Appellee, Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), in an action for employment discrimination arising from the USPS's unlawful failure to promote to two separate postmaster positions within eight months in 2018.

## REPLY ARGUMENT

Ms. Warner relies on the arguments in her main brief and submits this reply to address key issues raised in the USPS's opposition brief. First, the USPS seeks to impose the wrong legal standard on Ms. Warner by claiming that she did not "prove" or "establish" pretext. That is far from the applicable standard, and she is not required to prove her claim now. Second, the USPS has compounded the lower court's error by also relying so heavily on the veracity of its one primary witness, Ms. Kathleen Hayes ("Ms. Hayes"). For the USPS's arguments to succeed and for the lower court to be affirmed, one must necessarily conclude that Ms. Hayes is credible. This pivotal determination is for the jury to decide. Third, this Court should affirm the lower court's finding that Ms. Warner's claim for failure to promote to the Durham Postmaster position is not time-barred. The lower court properly relied upon the clear precedent of this Court in rendering this portion of its decision.

<u>Fourth</u>, this Court should exercise its discretion to ensure that the federal sector age discrimination standard is applied to Ms. Warner's case.

**I.**    **<u>The USPS Misstated the Applicable Legal Standard Throughout its Brief – Ms. Warner Is Not Required to "Prove" Pretext, She Merely Needs to Show a Potential Jury Question</u>**

Throughout its brief, the USPS repeatedly argues that Ms. Warner failed to "prove" or "establish" pretext. While this may be the proof standard at trial, this matter comes before this Court on a *de novo* review of a summary judgment order. Thus, the USPS grossly overstates Ms. Warner's burden at this point in the proceedings. (USPS Brief p. 15, 28–29) In fact, all Ms. Warner needs to do is show that material factual disputes exist that should be decided by a jury. Especially when construing inferences in favor of Ms. Warner, she more than met her limited burden to defeat summary judgment.

USPS seeks to raise the bar that Ms. Warner must clear to have a jury of her peers weigh the merits of her claims. For example, the USPS asserts the following at various points in its brief:

- "Warner Has Failed to *Prove* Pretext." (USPS Brief p. 29, Point Heading A5 (emphasis added)).

- "At the final step of the analysis, Warner must *prove* that the Postal Service's nondiscriminatory justification for its hiring decisions was

pretextual and the real reason was illegal discrimination." (USPS Brief p. 15 (emphasis added)).

- "Accordingly, Warner bore the burden of *showing* that the reasons Hayes articulated in support of the hiring decision were pretextual, which the court below held that she failed to do. (USPS Brief p. 22–23 (emphasis added)).

- "The Postal Service articulated legitimate non-discriminatory reasons for the hiring decisions and Warner has not *established* either that the explanation was pretextual or that the Postal Service was instead motivated by discriminatory animus." (USPS Brief p. 28–29 (emphasis added)).

- "In the absence of direct evidence of discriminatory intent, Warner was *required to show* that Hayes' proffered reasons for hiring Minigan and Adams were merely pretextual." (USPS Brief p. 29 (emphasis added)).

In contrast to the USPS's contentions, Ms. Warner does not need to "prove" or have conclusively "established" pretext at the summary judgment stage of this case. (USPS Brief p. 22–23, 29) Ms. Warner only needs to demonstrate that there are genuine issues of material fact with respect to USPS's pretextual reasoning. Taite v. Bridgewater State Univ., Bd. of Trustees, 999 F.3d 86, 94 (1st Cir. 2021) ("Ultimately, to survive summary judgment, Taite does not need to prove her case .

. ., but, instead, viewing the aggregate package of proof she offered, she 'need only show that [her] ability to meet [her] burden turns on a genuine issue of material fact . . .' 'Stated otherwise, we must determine if there is a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination.'") (Internal citations omitted). "[S]ufficient evidence to support a finding of pretext, in combination with the with the plaintiff's prima facie showing, can suffice at times to raise an inference of discrimination that will defeat summary judgment." Ahmed v. Johnson, 752 F.3d 490, 503 (1st Cir. 2014) (vacating the lower court's summary judgment ruling in favor of the employer because the plaintiff adequately demonstrated genuine material fact disputes).

Ms. Warner submits that this Court should remain cognizant of the USPS's overreach when considering its arguments about evidence of pretext. As explained in her main brief, Ms. Warner has presented the type of convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination.

## II.    The Success of USPS's Position Depends on the Veracity of One Key Witness – In So Arguing, Both the USPS and the Lower Court Made Improper Credibility Determinations

In its brief, the USPS expends substantial effort to argue that Ms. Hayes did not commit perjury when they both caused her to file a materially false statement in support of the USPS's summary judgment motion. Regardless of whether Ms. Hayes committed perjury or submitted lies to a federal court in support of

Case: 24-1414    Document: 00118200871    Page: 9    Date Filed: 10/09/2024    Entry ID: 6673655

summary judgment, those are hairs we need not split – they are both appalling. The bottom line is a jury should be entitled to hear that Ms. Hayes and the USPS were willing to rely on those lies in determining whether anything Ms. Hayes says should be believed. The lower court and the USPS <u>both</u> depend on the assumption that Ms. Hayes otherwise told the truth. This is textbook credibility weighing, which is impermissible.

USPS's focus on whether Ms. Hayes committed perjury, from a technical perspective, is immaterial. (USPS Brief p. 16–17). USPS's misdirection ignores the fact that the USPS and Ms. Hayes together misled the District Court about her prior instances of being investigated for employment discrimination. This misdirection influenced whether genuine issues of material fact precluded summary judgment. <u>See</u>, <u>e.g.</u>, <u>Hernandez-Loring v. Universidad Metropolitana</u>, 233 F.3d 49, 51, 54 (1st Cir. 2000) ("In general, the grant of summary judgment is reviewed *de novo*, reasonable doubts and issues of credibility being resolved in favor of the non-moving party." . . . "Partly, the concern [addressed by the sham affidavit rule] is with the credibility of a later disavowal, but the rule is also a matter of policy: if prior statements under oath could be disavowed at will after a motion is made, the other side would be faced with a constantly moving target and summary dispositions made almost impossible."); <u>Greenburg v. Puerto Rico Maritime Shipping Authority</u>, 835 F.2d 932, 936 (1st Cir. 1987) ("Rather, [Rule

56] contemplates an abecedarian, almost one dimensional, exercise geared to determining whether the nonmovant's most favorable evidence and the most flattering inferences which can reasonably be drawn therefrom are sufficient to create any authentic question of material fact." . . . "The precincts patrolled by Rule 56 admit of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the carapace of the cold record.").

A jury could easily find that both the USPS and Ms. Hayes knew that Ms. Hayes's July 31, 2023, Declaration contained a false statement when they filed it with the District Court in support of the motion for summary judgment. (JA007 (DN 33-3)).[1] USPS filed its Answer in the Philip Knowles ("Mr. Knowles") litigation on October 2, 2022, roughly nine months before Ms. Hayes filed her July 31, 2023, Declaration. (JA114). Mr. Knowles's Complaint identified Ms. Hayes in his factual allegations repeatedly, and USPS's Answer also identified Ms. Hayes in response. (JA111–JA112 ¶¶ 31, 34– 35)). It is not the substance of Mr. Knowles's Complaint allegations that influence Ms. Warner's claims, but that USPS and Ms. Hayes both knew that Mr. Knowles made these factual allegations about Ms.

---

[1]    Citations to "AD###" refer to Plaintiff's Addendum to this brief. Citations to "JA###" refer to the separately-bound Joint Appendix.

Hayes discriminating against him in the context of his employment rights. (USPS Brief p. 18–19). In fact, USPS asks this Court to take judicial notice of the fact that Mr. Knowles's case was dismissed via stipulation. (USPS Brief p. 19, n. 7). USPS's request demonstrates the importance of Ms. Warner's point. Mr. Knowles stipulated to dismiss his case on January 10, 2024, which coincides with the same court and period in which Ms. Warner litigated her allegations against Ms. Hayes. (D.N.H. 1:22-cv-47, Knowles v. Postmaster General, DN 37 (Stipulation of Dismissal)). In other words, there is a significant temporal overlap between Mr. Knowles's and Ms. Warner's litigations and USPS's and Ms. Hayes's knowledge of her false statement in her July 31, 2023, Declaration.

Although it is a misdirection to focus on whether Ms. Hayes committed true perjury, USPS's arguments around this point actually support Ms. Warner's positions. USPS concedes that Ms. Hayes's July 31, 2023, Declaration was not made under oath. (JA032–JA037; USPS Brief p. 17). Ms. Warner asks this Court to take judicial notice that one of the three Declarations filed in support of USPS's Motion for Summary Judgment was made under oath. FED. R. EVID. 201; (JA007 (DN 33-4); JA402–JA408). On appeal, USPS seeks to benefit from Ms. Hayes's July 31, 2023, Declaration not being made under oath. (USPS Brief p. 16–17). However, a reasonable jury could be influenced by the actions of the USPS when it submitted three Declarations in support of its Motion for Summary Judgment, with

only one of those Declarations being made under oath. (JA007 (DN 33-4); JA402–JA408). It is reasonable to ask what would have happened if the lie was never uncovered in Ms. Hayes's deposition? These and other similar questions are important for a jury to consider. Be that as it may, this point remains a misdirection from the fact that Ms. Hayes misled the lower court about prior instances of her being investigated for employment discrimination.

These key points, along with the arguments made in Ms. Warner's main brief about reliance on the purported veracity of Ms. Hayes by the lower court, serve to demonstrate that the Order robbed Ms. Warner of her right to present all of her evidence to a jury. It was improper for the lower court to rely so heavily on the supposed truth of Ms. Hayes's statements, when she so obviously and willingly lied to the court. The USPS similar relies on Ms. Hayes's veracity in its brief, which is equally improper.

## III.   The Lower Court Correctly Determined that Warner's Claim Concerning the Durham Postmaster Position Was Not Time-Barred

The USPS asserts in its brief that this Court should affirm the lower court's dismissal of Ms. Warner's claim concerning the Durham Postmaster position on alternative grounds, namely, that this aspect of her claim is time-barred. The USPS made this argument below and the lower court found that Ms. Warner's claim was not time-barred on this discrete issue. (AD006-009) The USPS's argument ignores the First Circuit's notice requirement and the fact that Ms. Warner did not have

*unequivocal* notice that she had been the victim of discrimination until August 17, 2018 (when Ms. Hayes made the discriminatory statements). The USPS also *conveniently* ignores its own policy which explicitly requires the employee to have reasonable notice. Reversal of the lower court's finding on this timeliness issue would, therefore, be inappropriate because the question of whether Ms. Warner "reasonably should have known" that she had a claim is most appropriately decided by a jury.

In evaluating when a discrimination claim accrues, the First Circuit has established a "notice rule": explaining that "an employer action only triggers the running of the statute of limitations if that action has concrete, negative consequences for an employee, and the employee is aware or should have been aware of those consequences." Thomas v. Eastman Kodak Co., 183 F.3d 38, 49 (1st Cir. 1999), citing 2 B. Lindemann & P. Grossman, EMPLOYMENT DISCRIMINATION LAW 1349 (3d ed.1996) (observing that Supreme Court cases "seem to establish a relatively simple 'notice' rule as to when discrimination 'occurs'"). The First Circuit further explained that the notice standard is met and the statute of limitations is triggered only if "'the implications [of the adverse action] have crystallized' and 'some tangible effects of the discrimination were apparent to the plaintiff, i.e., if 'the plaintiff is aware that he will in fact be injured by the challenged practice.'" Thomas, 183 F.3d at 50 (quoting Johnson v. General Electric, 840 F.2d 132 136137 (1st Cir.

1988) (abrogated on other grounds); Shervin v. Partners Healthcare Sys., Inc., 804 F.3d 23, 33 (1st Cir. 2015) (Judge Selya explained the Thomas notice rule as follows: "[A] cause of action for discrimination or retaliation accrues when it has a crystallized and tangible effect on the employee and the employee has notice of both the act and its invidious etiology."); Miller v. New Hampshire Dep't of Corr., 296 F.3d 18, 22 (1st Cir. 2002) (quoting with approval the Thomas notice standard); McAleer v. Prudential Ins. Co. of Am., 928 F. Supp. 2d 280, 284 (D. Mass. 2013) (Citing Thomas, the court emphasized that "[a]n employment discrimination claim accrues when the employee has unequivocal notice of some harm resulting from an allegedly discriminatory act."). The First Circuit's notice standard makes practical sense, because:

> By starting the limitations clock as soon as harm is noticed, or should be noticed, the standard protects employers from stale claims *while also lessening the risk that employees will bring unripe claims*. The notice standard protects employees as well, because it ensures that claims will not be foreclosed by events that occurred outside the limitations period that did not put the employees on notice. Thomas, 183 F.3d at 50 (emphasis added).

The Thomas court focused on striking a balance for workplace situations where the employee was allowed to give employers the benefit of the doubt about workplace decisions, without having to run off to the EEOC every time something happens. Indeed, it is worth emphasizing that the USPS's own EEO policy incorporates a notice requirement. The policy states that employees must contact an EEO office:

"within 45 calendar days of the date you *knew or reasonably should have known about* the discrimination." USPS EEO Policy (emphasis added) (JA295).

It is undisputed that Ms. Warner did not complain to the EEO office about discrimination until September 11, 2018, just 25 days after Ms. Hayes divulged her state of mind directly to Ms. Warner in the middle of the interview for the Somersworth Postmaster job on August 17, 2018. It is worth noting here that Ms. Warner is not trigger-happy when it comes to filing EEO charges. In fact, she had applied for and been denied promotions at least 24 times over her long career. (SA004; *see also* JA252).[2] But the EEO complaint that gave rise to this case is Ms. Warner's first and only discrimination complaint that she has ever filed. (JA293). Thus, the facts show that Ms. Warner has in the past given the benefit of the doubt to her employer and not run off to the EEOC every time she was not promoted. Rather, the <u>one</u> time she did it was when it first "crystallized" for her that she had been subjected to discrimination because of her age and gender – because the hiring manager mentioned concerns about age and gender in the middle of the interview for the Somersworth position. That is what crystallized the discrimination for Ms. Warner, and that is when she first had unequivocal notice of what was on the mind of her manager in connection with her advancement within the USPS. Thus, August 17, 2018, is when Ms. Warner's claims accrued for both the Durham and

---

[2]     Citation to "SA###" refers to the Supplemental Appendix filed by the USPS.

Somersworth Postmaster positions, which renders her all of claims timely filed within the absurdly short 45-day period.

The lower court embraced Ms. Warner's arguments and position on this issue, and specifically relied upon this Court's <u>Thomas</u> decision cited above. <u>Thomas</u>, 183 F.3d at 50 (AD008–009) when it ruled that her claim about the Durham Postmaster position was not time-barred. This aspect of the lower court's ruling aligns with established First Circuit precedent, as well as the USPS's own EEO Policy, and should be affirmed.

## IV.    **<u>Ms. Warner Should Have Her Age Claims Decided Under the More Lenient Federal Sector Standard, and This Court Has the Discretion to Ensure It</u>**

While it is true that Ms. Warner cannot raise new factual arguments or legal theories that she did not advance in the lower court, she is entitled to have her case resolved under the controlling legal standard articulated by the United States Supreme Court and Congress. <u>Babb v. Wilkie</u>, 589 U.S. 399, 402 (2020) (ruling that the controlling statute and jurisprudence establishes a lower burden of proof for federal-sector employees). On appeal, Ms. Warner advances the same factual arguments that she advanced in the lower court. The lower court's obligation to apply the correct legal standard is not a waivable point. <u>Chestnut v. City of Lowell</u>, 305 F.3d 18, 19–21 (1st Cir. 2002) (en banc) (per curiam) (holding that the lower

court's failure to recognize existing Supreme Court precedent constituted plain error).

Moreover, even if Ms. Warner did waive her ability to highlight the controlling standard, which she does not concede, it is well within this Court's discretion to excuse that waiver. See, e.g., The Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate Information Services, 608 F.3d 110, 125–126 (1st Cir. 2010) ("It is a matter of discretion in this court whether to reach the issues."); Montalvo v. Gonzalez-Amparo, 587 F.3d 43, 48–49 (1st Cir. 2009) ("[T]he rule that forbids reliance on appeal on a theory not fully explained in the lower court proceeding . . . 'is a matter of discretion . . . .'") (Internal citation omitted); Aroostook Band of Micmacs v. Ryan, 484 F.3d 41, 51 n. 11 (1st Cir. 2007) (exercising the Court's discretion to reach an argument raised only in an amicus brief; Nat'l Ass'n of Social Workers v. Harwood, 69 F.3d 622, 627–629 (1st Cir. 1995) (Allowing a litigant to advance a new position on appeal, for the first time, because justice demanded the result).

Applying the controlling legal standard to Ms. Warner's dispute will not result in any unfairness. By applying the controlling legal standard to this appeal, this Court will be applying the standard to the same set of facts and arguments that the lower court considered on summary judgment. Therefore, this is purely a legal question. Id. Ms. Warner's request to have the correct legal standard applied to this

13

dispute implicates an issue of Constitutional magnitude because it involves Congressional regulation of United States citizens' employment rights in the federal sector, as well as the federal courts' duties to interpret and apply Congress's statutes. Id. The application of the controlling legal standard may very well alter the outcome of Ms. Warner's pursuit of her employment rights. Id. Importantly, USPS will suffer no prejudice if this Court applies the controlling legal standard because the facts and arguments are the same ones it encountered in the lower court. Id. Finally, application of the controlling legal standard implicates a matter of great public concern. Id. For example, a Congressional statute that governs federal sector employment rights for United States citizens, the administration of justice in the federal courts within the First Circuit. "When all is said and done, '[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them.'" U.S. v. La Guardia, 902 F.2d 1010, 1013 (1st Cir. 1990) (quoting Hormel v. Helvering, 312 U.S. 552, 557 (1941)).

Put simply, this Court has the discretion to apply the federal sector age discrimination standard here. Ms. Warner requests that it do just that.

## CONCLUSION

For the reasons set forth in Ms. Warner's main brief as well as those articulated above, Ms. Warner respectfully requests that this Honorable Court should:

- <u>Reverse</u> the lower court's dismissal of Ms. Warner's claims and send the case back to the District Court for further proceedings;

- <u>Affirm</u> the portion of the lower court's opinion which held that Ms. Warner's Durham Postmaster claim is not time-barred; and

- <u>Clarify</u> that Ms. Warner is entitled to have her age claims heard under the federal sector age discrimination standard.

Respectfully submitted,

ELIZABETH F. WARNER,

By her attorneys,

*/s/ Mark M. Whitney*
Mark M. Whitney (1st Cir. No. 46659)
Kyle E. Cullen (Bar No. 1212465)
Whitney Law Group, LLC
11 State Street
Marblehead, MA 01945
P: (781) 631-4400
mwhitney@whitneylawgroup.com
kcullen@whitneylawgroup.com

*Attorneys for Plaintiff-Appellant*

Dated: October 9, 2024

15

## CERTIFICATE OF COMPLIANCE

1.      This brief has been prepared with Microsoft Word for Microsoft 365 MSO (Version 2405) in a 14 point, proportionally spaced, serif typeface – specifically, Times New Roman – and saved as an Adobe Acrobat PDF.

2.      Exclusive of the items set forth in Federal Rule of Appellate Procedure 32(f), this brief contains 3,483 words.

I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions. If the Court so directs, I will provide a copy of the word or line print-out.

_/s/ Mark M. Whitney_
Mark M. Whitney (1st Cir. No. 46659)
Kyle E. Cullen (1st Cir. No. 1212465)
Whitney Law Group, LLC
11 State Street
Marblehead, MA 01945
P: (781) 631-4400
mwhitney@whitneylawgroup.com
kcullen@whitneylawgroup.com

_Attorneys for Plaintiff-Appellant_

Dated: October 9, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have today filed the forgoing Brief of Appellant Elizabeth F. Warner with the United States Court of Appeals for the First Circuit via the ECF system, which will send notification of such filing electronically to all parties through their counsel of record.

<u>   */s/ Mark M. Whitney*   </u>
Mark M. Whitney (1st Cir. No. 46659)
Kyle E. Cullen (Bar No. 1212465)
Whitney Law Group, LLC
11 State Street
Marblehead, MA 01945
P: (781) 631-4400
mwhitney@whitneylawgroup.com
kcullen@whitneylawgroup.com

*Attorneys for Plaintiff-Appellant*

Dated: October 9, 2024